# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELANIE A. MOORE,
      Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
      Agency.

DOCKET NUMBER
DA-0752-15-0289-I-1

DATE: August 25, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Curtis Mitchell, Jr., Midwest City, Oklahoma, for the appellant.

Preston L. Mitchell, Esquire, Tinker Air Force Base, Oklahoma, for
    the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal on misconduct charges. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant was employed as a Sheet Metal Mechanic.[2] She was removed from her position for failure to properly wear personal protective equipment, discourteous conduct, and failure to follow a direct order. After conducting a hearing, the administrative judge issued an initial decision finding that the agency proved all three of its charges, that there was a nexus between the charged conduct and the efficiency of the service, and that the removal penalty was reasonable. Initial Appeal File (IAF), Tab 36, Initial Decision (ID) at 2-14. The initial decision also found that the appellant failed to prove her affirmative defense that the removal constituted retaliation for filing protected equal employment opportunity (EEO) complaints. ID at 21-24.[3]

---

[2] All the information in this paragraph is taken from the initial decision, and is not in dispute.

[3] The administrative judge noted that the appellant asserted in her appeal that the removal was not in accordance with law and an abuse of authority, but stated that the appellant failed to specifically identify any provision of law that was violated in response to the administrative judge's Order on Affirmative Defenses. ID at 20 n.8.

¶3    In her petition for review, the appellant challenges the administrative judge's findings on the charges and on the reasonableness of the penalty. Petition for Review (PFR) File, Tab 1. The agency filed a timely response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not shown that the initial decision contains erroneous findings of material fact.

¶4    The Board will grant a petition for review when the petitioner shows that the initial decision contained erroneous findings of material fact. 5 C.F.R. § 1201.115(a). To be material, an alleged factual error must be of sufficient weight to warrant an outcome different from that of the initial decision. 5 C.F.R. § 1201.115(a)(1). A petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. 5 C.F.R. § 1201.115(a)(2). The petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. 5 C.F.R. § 1201.115(a)(2). The Board may overturn determinations based on the observation of witnesses' demeanor only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶5    The appellant's allegations of erroneous findings of material fact are conclusory in nature. She has not explained why the challenged factual determinations are incorrect and identified specific evidence in the record that demonstrates the error, and her petition lacks the specificity to warrant an

inference that there is a serious evidentiary challenge justifying a complete review of the record.[4] The administrative judge made detailed findings, including credibility determinations that included reliance on the demeanor of witnesses, in concluding that the agency proved its charges and that the appellant failed to prove her affirmative defense of reprisal for protected EEO activity.

¶6   In sum, the appellant has not provided any basis for disturbing the administrative judge's findings of fact. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (holding that the Board will not disturb an administrative judge's findings of fact when the petition for review fails to identify any internal inconsistency or inherent improbability in the administrative judge's findings, and the initial decision reflects that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The initial decision correctly determined that the removal penalty was within the bounds of reasonableness.

¶7   As with the administrative judge's findings in sustaining the three charges of misconduct, and in finding that the appellant failed to prove her affirmative defense of reprisal for protected EEO activity, the appellant has failed to explain why the administrative judge's detailed findings on the reasonableness of the penalty were incorrect. Among other things, she asserts, as "new" evidence, that she has learned that an agency official who had provided a written statement but did not testify because he had retired, did not retire on his own accord, and she contends that other agency witnesses should not be believed because they are associated with this retired official. PFR File, Tab 1 at 4. Evidence acquired after issuance of an initial decision that is offered merely to impeach a witness's credibility is not generally considered material. *Hill v. Department of the Army*,

---

[4] For example, she notes that testimony by the agency's witnesses upon which the administrative judge relied differed in key respects from that of her testimony and that she consistently denied the charges of wrongdoing. PFR File, Tab 1 at 3.

120 M.S.P.R. 340, ¶ 4 (2013).  Regardless, the administrative judge did not refer to this official when analyzing the reasonableness of the penalty.

¶8        The appellant also asserts that the three prior disciplinary actions on which the deciding official relied in imposing the removal penalty "are in appeal." PFR File, Tab 1 at 1.  The appellant has provided no evidence for this assertion. In any event, the mere fact that a prior disciplinary action has been challenged does not make reliance on that prior discipline inappropriate.  When the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline, the Board's review is limited to determining whether the prior action was clearly erroneous.  *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339‑40 (1981).  The mere fact that an employee has challenged a prior disciplinary action does not alter this mode of analysis.  *Guzman-Muelling v. Social Security Administration*, 91 M.S.P.R. 601, ¶ 15 (2002).  The appellant has made no showing that any of her three previous disciplinary actions was clearly erroneous.

¶9        Accordingly, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.